FILED
1/31/2023 10:46 AM
Justice of the Peace
Precinct 1

CAUSE NO. S1-12-23

| | | |
|---|---|---|
| YVES DEUGOUE, *Plaintiff*, | § § § § § | IN THE JUSTICE COURT |
| VS. | § § | PRECINCT 1 |
| DELTA AIR LINES, INC *Defendant*. | § § § § | GREGGS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Yves Deugoue, and files this his *Pro Se* Original Petition and Jury Demand, complaining of Delta Air Lines, Inc. (thereafter "Delta" or "Defendant"); and for cause of action would respectfully show the Court the following:

### 1.00 PARTIES

1.01    Plaintiff, Yves Deugoue (hereinafter referred to as "Plaintiff" or "Deugoue") is a private citizen of the State of Texas, residing in Camp County, Texas.

1.02    On information and belief, Defendant Delta Air Lines, Inc. (hereinafter referred to as "Delta" or "Defendant") is a foreign for-profit corporation doing business as a major and leading American airline, with its principal executive office in Atlanta, Georgia. Defendant may be served process via its registered agent in Texas: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. Plaintiff respectfully requests that citation issue at this time for the purpose of service of process.

FILED
1/31/2023 10:46 AM
Justice of the Peace
Precinct 1

## 2.00 ASSUMED AND COMMON NAMES, MISNOMER

2.01    Pursuant to the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all defendants are being sued in their business or common names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, or private corporations.

2.02    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter-egos" of the parties named herein.

## 3.00 STATUTE OF LIMITATIONS

3.01    The instant complaint is being filed within the statute of limitations (two (2) years) for civil actions as to Promissory Estoppel, and the Texas Deceptive Trade Practices Act ("DTPA") of the Texas Business and Commerce Code, pursuant to Section 17.565 of the DTPA, as the causes of action herein accrued less than two (2) years prior the filing of the instant complaint.

## 4.00 JURISDICTION AND VENUE

4.01    This Court has general personal jurisdiction over Defendant because Defendant's contacts in Texas have been continuous and systematic over the years. Defendant has routinely and continuously conducted business in Texas and continues to do so, has continuous contacts with Texas as a major American airline which widely serves airports throughout the United States, including Texas airports; and targets residents of the entire United States, including Texas; and regularly issues advertisements targeting customers in the entire United States, including Texas.

4.02    This Court has specific personal jurisdiction over Defendant because Plaintiff's claims arose from Defendant's non-passive contacts with Texas via the internet. Plaintiff's claims arose from the booking of a trip and purchase of attendant airline tickets, which booking and purchase were made within the territory of jurisdiction this Court. Defendant, as a major American airline, routinely sells such airline tickets throughout the United States and routinely purposefully

puts its products in a stream of commerce targeting residents of the entire United States, including Texas. While maintaining the abovementioned frequent and continuous contacts with Texas, Defendant committed torts against Plaintiff, a citizen of Texas.

4.03   This Court has subject matter jurisdiction because the subject matters in controversy are within the jurisdictional limits of this Court. Plaintiff is seeking compensatory damages not to exceed the maximum jurisdictional limit of this Court; as well as nonmonetary relief within the jurisdictional limit of this Court.

4.04   Venue is proper in this Court pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.087; 15.093; and 15.094(1).

## 5.00 STATEMENT OF FACTS

5.01   In early July 2021, Plaintiff booked and purchased, online (Trip Confirmation # H72JGK), from a location within this precinct of Gregg County, TX, a trip and attendant airline tickets for an itinerary leading from (Flight Delta 2343, on July 11, 2021) Dallas, TX (Airport Code: DFW) to Atlanta, GA (Airport Code: ATL); then (Flight Delta 84, on July 11, 2021) Atlanta (ATL) to Paris, France (Airport Code: CDG); and then (Flight Delta 8626, on July 12, 2021) Paris(CDG) to Dubai, United Arab Emirates (Airport Code: DXB).

5.02   Because of Delta's big delay as to the Flight 84 segment of Plaintiff's itinerary (Atlanta (ATL) to Paris, France (Airport Code: CDG), Plaintiff missed his remaining connecting flight, namely Flight Delta 8626 (Paris(CDG) to Dubai, United Arab Emirates (Airport Code: DXB).

5.03   Because of said delay, Plaintiff had to wait at and around Paris-CDG airport for about 14 hours, and Plaintiff was eventually put on a different flight (with a different company: Emirates) than originally scheduled for the segment Paris(CDG) to Dubai (DXB).

5.04   Due to missing his original connecting flight and having to wait at and around Paris-CDG for about 14 hours, Plaintiff unduly incurred important expenses (including lodging, meals, telephone calls, internet, transportation, etc...). In addition, Plaintiff missed important meetings which caused Plaintiff severe financial losses and prejudice, and Plaintiff had

multiple travel arrangements (which were made and entirely paid for in advance) cancelled without any reimbursement whatsoever to Plaintiff as to pre-paid expenses; and Plaintiff incurred additional expenses in rebooking arrangements (which had now become far more expensive due to being made at the last minute).

5.05  Upon the late arrival in Paris (CDG), Delta promised Plaintiff that he would be reimbursed for expenses necessitated by Delta's delay and missed connections and losses incurred because of same.

5.06  Plaintiff repeatedly sought to be compensated by Delta as to undue expenses and financial losses but Delta repeatedly alleged it had not received Plaintiff's claims and supporting documents.

5.07  In addition, due to missing his connecting flight, and the fact that Delta made Plaintiff continue his journey with a different airline (Emirates) instead of a flight bearing a Delta code, Plaintiff award miles as to his connecting flight (from Paris(CDG) to Dubai (DXB)) were not credited by Delta Airlines to Plaintiff's Delta Skymiles account.

5.08  Plaintiff also repeatedly sought for said missing miles to be credited to Plaintiff's Delta Skymiles account, to no avail, as Delta repeatedly gave Plaintiff the "run-around".

5.09  To make matters worse, on the return leg of Plaintiff's trip, upon picking up his luggage at Dallas (DFW) airport, Plaintiff noticed that his luggage and the contents thereof were damaged.

5.10  Plaintiff immediately notified Delta's airport agents in charge of luggage.

5.11  Said agents assured Plaintiff that they had filed a report as to Plaintiff's damages, promised Plaintiff that he would be compensated by Delta as to the damages in question, and that Plaintiff would be contacted by a Delta staff member by phone within the next 72 hours to instruct Plaintiff on how to proceed

5.12  No Delta staff member contacted Plaintiff.

5.13  A few days later, as no Delta staff member had contacted Plaintiff, Plaintiff called Delta, stayed on hold on the phone for over five hours and when a Delta agent finally picked up the line, said Delta agent denied that a report had ever been filed as to Plaintiff's damaged luggage.

PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCOVERY

Page 4

FILED
1/31/2023 10:46 AM
Justice of the Peace
Precinct 1

5.14  It took for Plaintiff to repeatedly call Delta for many months, each time staying on hold for hours on end, before Delta finally admitted that a report had indeed being filed, from DFW airport, as to Plaintiff's damaged luggage.

5.15  Delta requested for Plaintiff to send documentation as to his damaged luggage, which Plaintiff did numerous times, only for Delta to repeatedly allege it had not received said documentation.

5.16  Due to Delta's unconscionable conduct, Plaintiff had to file a complaint with the United States Department of Transportation's Office of Aviation Consumer Protection (Case # KS2022D60164) and the Better Business Bureau (Complaint # 17419674), all to no avail.

5.17  As recently as December 28, 2022, Plaintiff again called Delta regarding these matters. After staying on hold for over 5 hours, a Delta agent finally picked up the phone and assured Plaintiff that a Delta agent by the name of Ana Daley would get in touch with Plaintiff within 3 business days regarding Plaintiff's claims. Yet, no Delta agent ever got back with Plaintiff.

5.18  Delta acted with malice and reckless indifference as to its own obligations under the law and Plaintiff's rights under the law.

5.19  As a result of Delta's conduct, Plaintiff has suffered, continues to suffer and will continue to suffer in the future, mental anguish and emotional damages.

## 6.00  CONDITIONS PRECEDENT

6.01  All conditions precedent have been performed or have occurred. Tex. R. Civ. P. 54.

## 7.00  AGENCY/RESPONDEAT SUPERIOR

7.01  All acts by Defendant were done by its officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Defendant or were done in the normal and routine course and scope of their

FILED
1/31/2023 10:46 AM
Justice of the Peace
Precinct 1

employment with or representation of Defendant or pursuant to their principal/agency relationship, under their general authority, and/or for the accomplishment of the objectives for which such employee or agent was retained.

## 8.00 CAUSES OF ACTION

### 8.01 COUNT I: PROMISSORY ESTOPPEL

8.01.01 Plaintiff hereby re-alleges and incorporates herein all the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.01.02 As shown above, Defendant and/or its representatives:

(i) promised and assured Plaintiff, that Plaintiff would be reimbursed for expenses necessitated by Delta's delay and missed connections or losses incurred because of same;

(ii) promised and assured Plaintiff, upon his reporting of the damage to his luggage, that Plaintiff would be compensated by Delta as to the damage to his luggage and the contents thereof, and that Plaintiff would be contacted by a Delta staff member by phone within the next 72 hours to instruct Plaintiff on how to proceed.

8.01.03 It was foreseeable to Defendant and/or its representatives, at the time they made such promises to Plaintiff, that Plaintiff would rely on said promises.

8.01.04 As shown above, Plaintiff did rely on said promises.

8.01.05 As a result of said reliance by Plaintiff and Defendant's failure to meet its promises and assurances, Plaintiff has sustained damages that exceed the jurisdictional minimum of this court, including economic damages, mental anguish; and Plaintiff continues to sustain such damages, and will continue to sustain such damages in the future.

8.01.06 Therefore, as such conduct by Defendant has been a producing cause of Plaintiff's damages, and Defendant has acted with malice and reckless indifference, Defendant is liable in the amount of said damages, as well as, including, without limitation, such costs, attorneys' fees, expert fees, statutory penalty interest, reliance damages, treble damages (pursuant

PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCOVERY

to Tex. Civ. Prac. & Rem. Code §§ 41.003(a)(1) and (2), exemplary damages may be awarded when the injury or harm to which the claim seeks recovery results from malice and/or fraud), mental anguish damages and consequential damages, and pre and post-judgment interest as are allowed under Texas law and/or as much as the Court and jury may award in accordance with applicable law; and (for compensatory damages) within the jurisdictional limits of this Court.

8.01.07  WHEREFORE, Plaintiff prays for judgment against Delta for the appropriate compensatory damages (within the jurisdictional limits of this Court) to include all undue expenses and financial losses, and award of Delta Skymiles for all segments for which Delta Skymiles were not awarded; exemplary/punitive damages; double/treble damages; costs; attorneys' fees; expert fees; statutory penalty interest; and pre and post-judgment interest.

## 8.02  COUNT II: VIOLATION OF THE TEXAS BUSINESS & COMMERCE CODE

8.02.01  Plaintiff re-alleges and incorporates the preceding paragraphs in support of this cause of action as if fully pled herein and further alleges as follows:

8.02.02  Defendant, through its employees and/or agents acting within the scope of their actual, apparent or inherent authority, are guilty of violations of the Texas Deceptive Trade Practices as set forth below.

8.02.03  Section 17.50 (**Relief for Consumers**) of the Texas Business and Commerce Code provides that (Emphasis added):

"(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages **or** damages for mental anguish:
       (1) **The use or employment by any person of false, misleading, or deceptive act or practice that is:**
           (A) **Specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and**
           (B) **Relied on by a consumer to the consumer's detriment;**
           [...]
       (2) **any unconscionable action or course of action by any person;** or
           [...]
(b) In a suit filed under this section, each consumer who prevails may obtain:

PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCOVERY

(I) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and not more than three times the amount of economic damages; **or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;**

[...]"

8.02.04  As a result of the acts and/or omissions of Defendant, Plaintiff has sustained damages, including mental anguish, continues to sustain such, and will continue to sustain such in the future.

8.02.05  Therefore, as such conduct by Defendant has been a producing cause of Plaintiff's damages and Defendant has acted with malice and reckless indifference, Defendant is liable in the amount of said damages, as well as, including, without limitation, such costs, attorneys' fees, expert fees, statutory penalty interest, treble damages, damages for mental anguish, and pre and post-judgment interest as are allowed under Texas law and/or as much as the Court and jury may award in accordance with applicable law; and (for compensatory damages) within the jurisdictional limits of this Court.

8.02.06  WHEREFORE, Plaintiff prays for judgment against Delta for the appropriate compensatory damages (within the jurisdictional limits of this Court) to include all undue expenses and financial losses, and award of Delta Skymiles for all segments for which Delta Skymiles were not awarded; exemplary/punitive damages; double/treble damages; costs; attorneys' fees; expert fees; statutory penalty interest; and pre and post-judgment interest.

### 8.03  COUNT III: RESPONDEAT SUPERIOR

8.03.01  Plaintiff hereby re-alleges and incorporates all previous paragraphs above as though fully set forth herein.

8.03.02. All acts by Defendant were done by their officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Defendant or were done in the normal and routine course and scope their employment with Defendant or pursuant to their principle/agency relationship, under their general authority, and/or for the accomplishment of the objectives for which such employee or agent was retained.

FILED
1/31/2023 10:46 AM
Justice of the Peace
Precinct 1

8.03.03  WHEREFORE, Plaintiff prays for judgment against Delta for the appropriate compensatory damages (within the jurisdictional limits of this Court) to include all undue expenses and financial losses, and award of Delta Skymiles for all segments for which Delta Skymiles were not awarded; exemplary/punitive damages; double/treble damages; costs; attorneys' fees; expert fees; statutory penalty interest; and pre and post-judgment interest.

## 9.00  DEMAND FOR JURY

9.01  Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial.

9.02  Plaintiff hereby makes demand for his right to a trial by jury afforded by the Texas Constitution and the United States Constitution and tenders the requisite fee to the district clerk concurrent with the filing of this Original Petition.

## 10.00  INTENT TO USE DEFENDANT'S DOCUMENTS

10.01  In accordance with Texas Rule of Civil Procedure 193.7, Plaintiff hereby notifies Defendants that any and all documents produced to Plaintiff by Defendant in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of production itself.

## 11.00  CONCLUSION AND PRAYER FOR RELIEF

11.01  WHEREFORE, all premises considered, and for the reasons presented herein, Plaintiff prays that Defendant be cited to appear and answer, and requests the following relief and judgment: That upon the final trial of this cause, Plaintiff recover judgment against Defendant, for:

    a. Compensatory damages to the maximum jurisdictional limit of this Court:

        (i) Actual damages;

        (ii) Economic and non-economic damages; to include all undue expenses and financial losses, and award of Delta Skymiles for all segments for which Delta Skymiles were not awarded;

FILED
1/31/2023 10:46 AM
Justice of the Peace
Precinct 1

b. Punitive Damages/Exemplary damages, double/treble damages, and statutory penalty damages

c. Pre-judgment and post-judgment interest at the highest lawful rate;

d. Reasonable and necessary attorneys' fees and expenses and/or *pro se* litigant's expenses;

e. Costs of suit; and

f. Such other relief, general and special, to which Plaintiff is entitled to at law and/or in equity, and/or which the Court deems proper.

Plaintiff further prays for any and all such other relief to which Plaintiff may be entitled either in law or in equity.

Respectfully submitted,

/s/ Yves Deugoue

YVES Deugoue, Pro Se
PLAINTIFF
105 Ash St. #10,
Pittsburg, TX 75686
Telephone: (703) 307-1675
Email: wantoude@yahoo.com

---

PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCOVERY