IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| YVES DEUGOUE, § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> DELTA AIR LINES, INC., § <br> § <br> **Defendant.** § | CIVIL ACTION NO. 6:23-CV-00126-JDK |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff originally filed this case, proceeding pro se, in Justice Court Precinct #1 of Gregg County, Texas on January 23, 2023, alleging state law claims for promissory estoppel, violation of the Texas Business and Commerce Code, and respondeat superior against Defendant Delta Airlines, Inc. ("Defendant" or "Delta"). (Doc. No. 1-3.) Defendant removed this case to federal court pursuant to 28 U.S.C. § 1441 on March 10, 2023, citing the Montreal Convention as a basis for removal, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1.) Immediately thereafter, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.)

In his original petition in state court, Plaintiff alleges that he was booked on a flight from Dallas, Texas, to Atlanta, Georgia, to Paris, France, to Dubai, United Arab Emirates. (Doc. No. 1-3, at 7.) Plaintiff alleges that his plane from Atlanta, Georgia to Paris, France, was delayed, and, as a result, he missed his connecting flight to Dubai, United Arab Emirates. *Id.* Plaintiff contends that due to his missed connection, he had to spend approximately 14 hours at Charles de Gaulle

airport in Paris, France. *Id.* Plaintiff contends that he incurred expenses in lodging, meals, telephone calls, internet, and transportation as a result. *Id.* Plaintiff further alleges that he missed important meetings which caused him significant financial losses and prejudice. *Id.* Plaintiff alleges that multiple pre-paid travel arrangements had to be cancelled without reimbursement. *Id.* at 8. Additionally, Plaintiff contends that because he had to be transferred to a different airline, Emirates, to complete his trip, he did not receive his Delta Skymiles. *Id.* at 8. Plaintiff further contends that on his return trip, his luggage and its contents were damaged. *Id.* Plaintiff alleges that he has made numerous attempts to rectify the above-named issues with Delta, but to no avail. *Id.* at 9. Plaintiff alleges that he has suffered mental anguish and emotional damages. *Id.* Plaintiff alleges claims for: (1) promissory estoppel; (2) violation of the Texas Business and Commerce Code; and (3) respondeat superior.[1] *Id.* at 10–13.

When a case is removed to federal court, the court generally looks to whether the "plaintiff's well-pleaded complaint raises issues of federal law." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Generally, federal preemption is a defense to a state law claim and does not provide grounds for removal because a defense based on federal law is not a claim arising under federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Complete preemption is the exception to this rule. The complete preemption doctrine applies only when Congress intends not merely to preempt a field in state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987). "Complete preemption, which creates federal removal jurisdiction, differs from the more common ordinary preemption or conflict preemption, which does not."

---

[1] The court acknowledges that "respondeat superior" is not a separate cause of action under Texas law, but is, instead, a theory of vicarious liability through which a principal may be held liable for an employee's actions. *See Baptist Memorial Hospital System v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998) (citing *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995)). The nuance of this distinction is inapplicable to the preemption discussion herein.

*Rogers v. Am. Airlines, Inc.*, 192 F. Supp. 2d 661, 665 (N.D. Tex. 2001) (internal quotations omitted). "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008). As detailed above, in his state court petition, Plaintiff makes no allegation arising under the constitution or any law or treaty of the United States. Rather, it is Defendant who has removed this case to federal court on the grounds of asserting a preemption defense under the Montreal Convention. Thus, as a threshold question, the court must first decide whether complete preemption exists such that it has federal question subject matter jurisdiction.

Neither Defendant's notice of removal nor its motion to dismiss explains how the Montreal Convention would create complete preemption under the Fifth Circuit's stringent tripartite test for determining whether the complete preemption exception to jurisdiction applies. *See Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1164 (5th Cir. 1989). Defendant has not cited any Supreme Court or Fifth Circuit[2] case holding that the Montreal Convention completely preempts state law claims and therefore provides a basis for removal. Moreover, courts have repeatedly found that the Montreal Convention, and its predecessor, the Warsaw Convention, do not give rise to complete preemption such that they would provide a basis for federal subject matter jurisdiction. *See Narkiewicz-Laine v. Scandinavian Airlines Sys.*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) ("Because the conditions and limits of the Montreal Convention are defenses to the state-law

---

[2] Defendant, in its motion, relies on *White v. Emirates Airlines, Inc.*, 493 F. App'x 526, 529 (5th Cir. 2012). That case, however, clearly deals with the concept of claim preemption in stating that the Convention "provides an airline passenger's exclusive remedy" when it satisfies the conditions for liability under the Convention. *Citing El Al Isr. Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 176 (1999) (a passenger may not maintain "an action for personal injury damages under local law *when her claim does not satisfy the conditions for liability under the Convention*.") (emphasis added).

3

claims raised by plaintiff, they do not provide a basis for federal-question subject matter jurisdiction."); *see also Rogers*, 192 F. Supp. 2d at 664 ("[A]lthough the Warsaw Convention's exclusivity provisions may well preempt Plaintiffs' state law claims, the delicate balance between state and federal courts cautions against finding that the field of international air travel is so completely preempted that any claim relating to the area is necessarily federal in character.") (internal quotations omitted); *Rocha v. Am. Jets, Inc.*, 2014 WL 12626317, at *3 (S.D. Fla. Nov. 17, 2014) ("[T]he majority approach [ ] holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption."); *Benjamin v. Am. Airlines, Inc.*, 2014 WL 3365995, at *4 (S.D. Ga. July 9, 2014) ("[A] trending majority finds preemption not absolute, but instead 'extends no further than the Convention's own substantive scope'"); *Martinez-Menchaca v. Delta Air Lines, Inc.*, No. 2:21-CV-01182-RDP, 2021 WL 5014535, at *2 (N.D. Ala. Oct. 28, 2021) ("This court is persuaded by the majority approach, which holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption.").

In the absence of any Fifth Circuit authority, and reading the plain language of the Convention, the court agrees with the majority of its sister courts that the Montreal Convention does not completely preempt state law claims. Article 29 of the Convention states:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention *or in contract or in tort or otherwise*, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights.

*See* Convention for Int'l Carriage by Air, S. Treaty Doc. No. 106-45 (May 28, 1999) (emphasis added).

This language of the Montreal Convention appears to create a cause of action under the Convention, but importantly states any action under the Convention "*or* in contract *or* in tort *or* otherwise." *Id.* (emphasis added). "Or" is "used as a function word to indicate an alternative." ("Or," Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/or (last visited March 31, 2023)). It follows then that the alternative to a cause of action under the Montreal Convention would be a cause of action for damages outside of the Convention. Otherwise, the words "or in contract or in tort or otherwise," would be rendered meaningless. In general, writings should not be construed in a way that renders phrases meaningless, redundant, or superfluous. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (it is a "cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant") (quotation and quotation marks omitted). Therefore, the text suggests that the Montreal Convention does not completely preempt all state law claims but operates instead as an affirmative defense. Indeed, this is how Defendant has presented the Montreal Convention in this case.

As discussed, Defendant's motion concedes that not all of Plaintiff's asserted claims are preempted and does not argue for complete preemption under the Montreal Convention. (Doc. No. 5.) Defendant's motion argues only that Plaintiff's delay-based claims are preempted under the Montreal Convention. (Doc. No. 5, at 3.) But, as Defendant points out, Plaintiff has a claim related to his rebooking on an alternate airline, Emirates, and the subsequent failure of Defendant to award his Skymiles. (Doc. No. 1-3, at 8.) As such, this claim can be fairly characterized as a nonperformance claim, which would put it outside the scope of Article 19 of the Montreal Convention. *See In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 455 (E.D.N.Y. 2007) ("The plain language of Article 19 of the Montreal Convention indicates that it governs

5

claims for delay, not nonperformance."). Defendant has not shown through its motion how Article 19 applies to such a claim. Rather, Defendant clearly raised the Montreal Convention as an affirmative defense seeking to dismiss and/or limit the applicability of Plaintiff's claims pursuant to Rule 12(b)(6). *Id*. As counsel is surely aware, and as explained above, complete preemption and ordinary and/or conflict preemption are not one in the same. It appears that counsel has confused these legal concepts or has otherwise attempted to improperly remove this case to federal court, in which case Rule 11 sanctions may be appropriate.[3] The court has particular concern here where Plaintiff is proceeding pro se. The court is not convinced that Delta was unaware of this issue as it has unavailingly previously raised a similar argument before the District Court of Nevada. Recently, in rejecting the proposition that the Montreal Convention completely preempts state law claims, in *Ebnother v. Delta Air Lines, Inc.*, the district court explained this legal distinction:

> Defendant [Delta] cites heavily to Supreme Court precedent discussing the preemptive effect of the Montreal Convention. (See Resp. 6:16–9:2). However, the authority is in the context of claim preemption, not the jurisdictional doctrine of complete preemption. Claim preemption only implicates the effect of an affirmative defense; whereas, complete preemption creates federal question jurisdiction.

No. 220CV00901GMNEJY, 2020 WL 7260932, at *3 (D. Nev. Dec. 10, 2020).

---

[3] Federal Rule of Civil Procedure 11(b) states:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. A court may order a party to show cause why conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Sanctions may include nonmonetary directives or an order to pay a penalty into the court. Fed. R. Civ. P. 11(c)(4).

This is the same mistake Delta has once again made in this case citing to *White v. Emirates Airlines, Inc.* To be fair, the court acknowledges that even the courts have confused these legal concepts. *See, e.g., Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-CV-0003, 2016 WL 2756589, at *20 (S.D. Tex. May 9, 2016), report and recommendation adopted sub nom. *Rosenbrock v. Deutsche Lufthansa, AG, Inc.*, No. CV V-16-0003, 2016 WL 11088850 (S.D. Tex. June 21, 2016) (using the term "complete preemption" regarding the Montreal Convention when conducting a claim preemption analysis regarding plaintiff's state law claims). However, given the express familiarity of Defendant with this exact issue, the court is not so convinced that, in this case, Defendant removed the case to federal court in good faith. While it may be argued that Defendant was fairly permitted to attempt to remove the case given the lack of precedent from the Fifth Circuit, the problem herein is that absent from both Delta's notice of removal and its motion to dismiss is a substantive discussion of complete preemption as a basis for this court's jurisdiction. Instead, Delta immediately moved for dismissal of this action pursuant to the Montreal Convention. Again, this is particularly concerning where: (1) Delta is unquestionably aware of the need to address the issue of complete preemption; and (2) the Plaintiff in this case is proceeding pro se, lacking a fundamental understanding of these legal concepts.

In sum, Plaintiff's claims do not arise under the constitution or any law or treaty of the United States. The complete preemption doctrine does not apply. Therefore, the court lacks subject matter jurisdiction over the asserted claims and **RECOMMENDS** that this case be **REMANDED** to the Justice Court Precinct #1 of Gregg County, Texas. Within **14 days** of the issuance of this report and recommendation, Defendant shall file a brief with the court explaining its basis for removing this case to federal court and why its conduct is not subject to sanctions, addressing the court's concerns discussed herein.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 31st day of March, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE