IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| YVES DEUGOUE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:23-cv-126-JDK-JDL |
| DELTA AIR LINES, INC., | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Delta Air Lines, Inc. removed this case to this Court from Gregg County Justice Court Precinct #1 on March 10, 2023. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On March 31, 2023, Judge Love issued a Report and Recommendation recommending that the Court remand this case to Gregg County for lack of subject matter jurisdiction. Docket No. 9. Defendant timely objected. Docket No. 11.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Defendant objects to the Magistrate Judge's Report and Recommendation because it contends that the claims arise under the Montreal Convention—a treaty to which the United States is a signatory—therefore, conferring original jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 11. But Plaintiff has not pleaded claims under the Montreal Convention. Docket No. 1-3. Rather, Plaintiff has pleaded state law claims of: (1) promissory estoppel; (2) violation of the Texas Business and Commerce Code; and (3) respondeat superior. *Id.* "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). Here, there is no federal question apparent on the face of Plaintiff's complaint.

As the Magistrate Judge further explained, an exception to the well-pleaded complaint rule arises when Congress "so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (quoting *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000)). Neither Defendant's notice of removal nor its motion to dismiss addresses the doctrine of complete preemption as a basis for original jurisdiction here. Rather, Defendant has asserted the Montreal Convention as an affirmative defense, using the Convention as a basis to sweep the claims into federal court and to simultaneously obtain an immediate dismissal of those claims. As the Magistrate Judge pointed out, this practice is concerning given Defendant's certain awareness of the need to address

the issue of jurisdiction when removing a case to federal court and the fact that Plaintiff is proceeding pro se.

Also concerning is Defendant's failure to respond to the portion of the Magistrate Judge's Report and Recommendation that ordered an explanation as to why Defendant's removal of this case should not be sanctioned. Docket No. 9 at 7. The Magistrate Judge explained that Defendant Delta Air Lines, Inc. was indisputably aware of the issue regarding complete preemption as a basis for jurisdiction from *Ebnother v. Delta Air Lines, Inc.,* 2020 WL 7260932, at *3 (D. Nev. Dec. 10, 2020). In *Ebnother*, Defendant raised the same arguments regarding the preemptive effect of the Montreal Convention. The court explained that Defendant's cited authority is in the context of claim preemption—not the complete preemption necessary to create federal jurisdiction. *Id.* The court concluded that it lacked subject matter jurisdiction over the case and remanded the action to state court. *Id.* Defendant's objections tellingly do not substantively address *Ebnother* or explain why a different outcome is justified here. Defendant suggests only that the Ninth Circuit has not yet addressed whether the Montreal Convention confers federal jurisdiction over state law claims that arise under the treaty. Docket No. 11 at 6–7.

Defendant's objections address, for the first time, the concept of complete preemption as a basis for federal jurisdiction. The Court is not convinced that the Montreal Convention completely preempts state law claims and therefore provides a basis for removal. Ultimately, Defendant has not cited any binding precedent holding that the Montreal Convention completely preempts state law

3

claims and therefore provides a basis for removal. The majority of courts addressing this issue have concluded that complete preemption does not exist under the Montreal Convention. *See Rocha v. Am. Jets, Inc.*, 2014 WL 12626317, at *3 (S.D. Fla. Nov. 17, 2014) (collecting cases) ("the majority approach [] holds that the Montreal Convention does not provide a basis for removal under the doctrine of complete preemption."); *see also Benjamin v. Am. Airlines, Inc.*, 2014 WL 3365995, at *4 (S.D. Ga. July 9, 2014) ("[A] trending majority finds preemption not absolute, but instead 'extends no further than the Convention's own substantive scope'").

The Court finds no error in the Magistrate Judge's reading of the Montreal Convention consistent with the majority approach. *See* Docket No. 9 at 4–5 (citing Convention for Int'l Carriage by Air, S. Treaty Doc. No. 106-45 (May 28, 1999)). Indeed, Defendant does not object to this interpretation of the Montreal Convention's text. Rather, Defendant continues to press that all of Plaintiff's pleaded claims are within the scope of the Montreal Convention. But as the Magistrate Judge pointed out, Plaintiff has pleaded a claim for nonperformance related to his rebooking on an alternate airline, Emirates, and the subsequent failure of Defendant to award his Skymiles. Docket No. 1-3 at 8. As discussed by the Magistrate Judge, a claim for nonperformance is outside the scope of the Convention. Docket No. 9 at 5. Simply put, as pleaded, it is not apparent from the face of the complaint that Plaintiff's claims invoke federal jurisdiction.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the

Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 9) as the opinion of the District Court. The Court **ORDERS** that this case shall be **REMANDED** to the Justice Court Precinct #1 of Gregg County, Texas in accord with Local Rule CV-83(b) for lack of subject matter jurisdiction.

All pending motions in this case are **DENIED** as moot without prejudice to being reasserted as necessary in the state court. The Clerk of Court is directed to close this case.

So **ORDERED** and **SIGNED** this **27th** day of **April, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE